## McIlwain's Estate

620

. . . .

622

*Otto Kraus, Jr.,* for exceptant.

*Francis Macomb Gumbes,* contra.

KLEIN, J., November 20, 1936.—We are in accord with the finding of the learned auditing judge that the claim in dispute is champertous and therefore illegal. Ames v. Hillside Coal & Iron Co., 314 Pa. 267 (1934), is sufficient authority for this conclusion. The principles set forth in Williams v. Philadelphia, 208 Pa. 282 (1904), stressed by counsel for exceptant, are limited to cases involving contingent fee contracts of attorneys at law.

The conclusion of law reached in this case particularly well serves the ends of justice. The entire conduct of the claimant, a so-called genealogist or professional heir-hunter, is tainted with fraud and deceit. The record discloses that decedent, who was unmarried and advanced in years, lived at the Philadelphia General Hospital, where he was employed as an orderly. It is apparent that he was not in close touch with his family. A week after he died letters of administration were issued upon his estate under the direction of the Deputy Attorney General representing the Bureau of Escheats. Three days after the issuance of letters, claimant called at the home of one of decedent's sisters and, without disclosing the true situation, unsuccessfully attempted to procure her signature to an agreement engaging him on a contingent basis and assigning one half of her share as compensation for his services. He returned several weeks later and succeeded in obtaining her signature to the agreement by falsely representing that the State would take the whole estate unless she engaged him to protect her interest by having one of the family appointed administrator. The testimony also discloses a complete lack of frankness and fairness in his dealings with the other members of the family. No escheator having been appointed in this case, it was clearly the administrator's duty to search for decedent's next of kin. The family, knowing of decedent's death, would have received the proceeds of the estate in

the natural course of administration. The only service rendered by the genealogist was to attempt to deal himself into the distribution by fomenting unnecessary litigation.

We are in full agreement with the auditing judge. The exceptions are therefore dismissed and the adjudication confirmed absolutely.